**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-3000
_____

AILIN JIANG,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A079-190-069)
Immigration Judge: Eugene Pugliese

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 28, 2010

Before: SLOVITER, JORDAN and GREENBERG, Circuit Judges

(Opinion filed :April 28, 2010)
_____

OPINION
_____

PER CURIAM.

Ailin Jiang, a native and citizen of the People's Republic of China, seeks review of

a final order of removal entered by Board of Immigration Appeals ("BIA"). We will deny

the petition for review.

I.

Jiang, currently age thirty-five, entered the United States in February 2005 without being admitted or paroled. He was placed in removal proceedings shortly thereafter, at which time he conceded removability under INA § 212(a)(6)(A)(i). He applied for asylum, withholding of removal, and Convention Against Torture ("CAT") relief. At a hearing before the Immigration Judge ("IJ") in 2006, Jiang testified that he married in China and has one child (a son). Shortly after his son was born in 1997, his wife received a forced IUD. In 2002, the couple hired a private doctor to remove the IUD so that they could have more children. After the IUD was removed, the couple went into hiding at a cousin's home while Jiang worked nearby. In 2003, Jiang's wife became pregnant and tried to hide that fact by staying indoors. The pregnancy was discovered by family planning officials, a forced abortion was performed at a hospital, and a new IUD was inserted. Jiang's home village family planning office fined him 8,000 yuan, which he paid in full in two installments. Jiang left for the United States shortly thereafter, with his family remaining in China.

On March 14, 2006, the IJ rejected Jiang's credibility and denied relief. The BIA sustained Jiang's appeal and remanded the matter for further proceedings, holding that the adverse credibility determination was "largely based on improper speculation" and failed to comport with controlling precedent.

Upon remand, the IJ scheduled a new hearing. At that hearing, Jiang elected to

"rest on the record" from the 2006 hearing and offered no additional testimony. The IJ denied the applications for relief on the merits. Accepting Jiang's credibility, the IJ held that he failed to establish a claim for asylum based on "other resistance" to China's population control program. The IJ found that payment of the fine did not rise to the level of persecution, that the act of hiding at the cousin's home did not warrant relief, and that Jiang personally faced no threat of sterilization or persecution in China.

The BIA dismissed Jiang's appeal. It agreed with the IJ that payment of the fine and the act of hiding from officials so that Jiang and his wife could have another child do not rise to the level of past persecution, and do not establish a well-founded fear of future persecution, particularly in the absence of evidence that authorities are seeking out Jiang. The BIA thus denied asylum, and it affirmed the denials of withholding of removal and CAT relief. Jiang timely filed a petition for review in this Court.

## II.

We have jurisdiction under 8 U.S.C. § 1252(a)(1).[1] "[W]hen the BIA both adopts the findings of the IJ and discusses some of the bases for the IJ's decision, we have authority to review the decisions of both the IJ and the BIA." Chen v. Ashcroft, 376 F.3d 215, 222 (3d Cir. 2004). We review agency factual findings regarding asylum and

---

[1] Because Jiang makes only passing mention of the CAT claim in his opening brief, and does not set forth argument on the issue, we deem the CAT claim waived. See Lie v. Ashcroft, 396 F.3d 530, 532 n.1 (3d Cir. 2005). Accordingly, we limit our analysis to asylum and withholding of removal.

withholding of removal under the deferential substantial evidence standard, which asks that those findings be supported by "reasonable, substantial, and probative evidence on the record considered as a whole." INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992) (citing 8 U.S.C. § 1105a(a)(4)); see Butt v. Gonzales, 429 F.3d 430, 433 (3d Cir. 2005). Such findings are deemed "'conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.'" Chen, 376 F.3d at 222 (quoting 8 U.S.C. § 1252(b)(4)(B)).

To establish eligibility for asylum, Jiang must show past persecution or a well-founded fear of future persecution on account of, inter alia, political opinion. See Vente v. Gonzales, 415 F.3d 296, 300 (3d Cir. 2005). Here, the record does not compel a finding of eligibility for asylum. Jiang cannot claim "other resistance" based on his wife's subjugation to family planning policy, see Lin-Zheng v. Att'y Gen., 557 F.3d 147, 156 (3d Cir. 2009) (en banc), and thus Jiang's claim for relief turns, as the BIA recognized, on the 8,000 yuan fine and the fact that he hid for a time at his cousin's home.

While "deliberate imposition of severe economic disadvantage which threatens a petitioner's life or freedom may constitute persecution," Li v. Att'y Gen., 400 F.3d 157, 168 (3d Cir. 2005), the 8,000 yuan fine imposed upon Jiang does not meet this standard. Jiang paid the fine in two installments over a short period of time, and a review of the record reveals no evidence at all that the fine imposed a severe economic disadvantage amounting to persecution. See id. ("Such disadvantage might, for instance, involve the

4

deprivation of liberty, food, housing, employment, and other essentials of life."). Jiang

essentially concedes that he failed to show hardship resulting from the fine, but he argues

that it was the IJ who erred by failing to ask "more questions" of Jiang to create a record

on the issue. As the BIA correctly noted, however, Jiang's counsel chose not to offer

additional testimony after the matter was remanded for further proceedings. Because

Jiang had ample opportunity to create a record regarding economic persecution, we

cannot fault the IJ for Jiang's failure to do so. Finally, the record does not compel the

conclusion that Jiang's act of hiding with his wife for a short time amounted to a form of

"other resistance" under 8 U.S.C. § 1101(a)(42)(B), or, in any event, that Jiang suffered

any harm rising to the level of persecution as a result of his hiding.

Where past persecution is not established, an alien can demonstrate a well-founded

fear of future persecution by showing that he has a "genuine fear," and that a "reasonable

person in [his] circumstances would fear persecution if returned to [his] native country."

Abdulrahman v. Ashcroft, 330 F.3d 587, 592 (3d Cir. 2003). The BIA correctly noted

that there is no evidence of record that Chinese authorities have an interest in Jiang, or

that Jiang has a well-founded fear based on his purported resistance to family planning

policies. We conclude that the asylum claim was properly denied.

"[A]n applicant who cannot meet the standard for asylum will necessarily be

unable to meet the standard for withholding of removal." Gomez-Zuluaga v. Att'y Gen.,

527 F.3d 330, 348-49 (3d Cir. 2008). Because Jiang has not shown past persecution or a

5

well-founded fear of future persecution, he cannot meet the higher standard for withholding of removal. See id.

III.

For the foregoing reasons, we will deny the petition for review.